# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SALLY K. FAVALORO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-284 CAS |
| | ) | |
| BJC HEALTHCARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to strike plaintiff's first amended complaint.[1] Plaintiff opposes the motion. The matter is fully briefed and ready for decision. For the following reasons, the Court will grant defendants' motion.

Plaintiff filed her initial complaint on February 18, 2014 against BJC Healthcare, Barnes-Jewish Hospital ("BJH"), and four individual defendants alleging that she had been illegally discharged from her employment. This complaint was 27 pages long and asserted seven causes of action.

On October 20, 2014, plaintiff filed a first amended complaint, adding four individual defendants, including the President of BJH. This new complaint is 129 pages, including a table of contents, 800 paragraphs, and asserts at least 30 separate causes of action. The first amended complaint asserts six "Claims Sets," each containing between six and thirteen subclaims or legal theories against, for example, "Defendant BJC and Defendant BJH and one or more individual Defendants." See Am. Compl. ¶ 100.C.8. Plaintiff also alleges that "Defendants, each in conspiracy

---

[1]On December 31, 2014, defendant Jennifer Horst, who had not been served at the time defendants filed their motion to strike, filed a motion to join defendants' motion to strike plaintiff's complaint. This motion will be granted.

with one or more persons or parties, jointly and severally, violated the Claim's relevant law." Id. at ¶ 100.C.10. Plaintiff asserts that each claim is brought against "one or more other Defendants, named or unnamed." Id. at ¶ 100.C.7. As pleaded, the first amended complaint asserts potentially 300 claims.

Plaintiff's first amended complaint is indecipherable to the Court. The Court has found it impossible to determine which of the six "claim sets," each containing multiple subclaims, is being alleged against which of the ten defendants. In fact, the Court reviewed the first amended complaint shortly after it was filed, and had defendants not filed the motion to strike, the Court would have sua sponte stricken the first amended complaint.

Federal Rule of Civil Procedure 8 requires a pleading to state a claim for relief that is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Federal Rule 10(b) requires a party to state its claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

The Court will grant defendants' motion to strike plaintiff's first amended complaint. The Court finds plaintiff's first amended complaint to be a gross violation of Federal Rule 8. The Court will allow plaintiff an opportunity to amend the complaint. Plaintiff shall file an amended complaint within fourteen days of the date of this Order. The amended complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff shall state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and "each claim founded on a separate transaction or occurrence . . . must be

stated in a separate count." Fed. R. Civ. P. 10(b). The amended complaint shall specifically state which claims are being asserted against which named defendants. Additionally, plaintiff shall eliminate any immaterial or redundant material. See, e.g., Assay v. Hallmark Cards, Inc., 594 F.2d 692, 696 n.2 (8th Cir. 1979).

Finally, the Court notes for plaintiff's counsel that the Local Rules for the Eastern District of Missouri do not require any documents filed in this Court to contain line numbering, footers, or any text in the margins. The Court encourages plaintiff's counsel to refer to the court website, www.moed.uscourts.gov, for the Local Rules, detailed information concerning the Case Management/Electronic Case Files (CM/ECF) system, and the undersigned's procedures.

Accordingly,

**IT IS HEREBY ORDERED** that the individual defendant Jennifer Horst's motion for joinder to defendants' motion to strike is **GRANTED**. [Doc. 39]

**IT IS FURTHER ORDERED** that the defendants' motion to strike plaintiff's first amended complaint is **GRANTED**. [Doc. 23]

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint that complies with Federal Rules of Civil Procedure 8 and 10 within fourteen (14) days of the date of this Order. Defendants shall file their responses to the amended complaint within the time allowed by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint within fourteen (14) days of the date of this Order, defendants shall file their responses to the original complaint within thirty (30) days of the date of this Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 8th day of January, 2015.