UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SALLY K. FAVALORO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-284 CAS |
| ) | |
| BJC HEALTHCARE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint, along with the proposed second amended complaint. The matter is fully briefed and ready for decision. For the following reasons, the Court will deny plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint.

**I.    Background**

Plaintiff filed her initial complaint on February 18, 2014 against BJC Healthcare, Barnes-Jewish Hospital ("BJH"), and four individual defendants alleging that she had been illegally discharged from her employment. This complaint was 27 pages long and asserted seven causes of action.

On October 20, 2014, plaintiff filed a first amended complaint, adding four individual defendants, including the President of BJH. This new complaint was 129 pages long, including a table of contents, 800 paragraphs, and asserted at least 30 separate causes of action. The first amended complaint asserted six "Claims Sets," each containing between six and thirteen subclaims or legal theories against defendants. As pleaded, the first amended complaint asserted potentially 300 claims.

Finding the first amended complaint indecipherable, the Court granted defendants' motion to strike the first amended complaint. See Doc. 40. The Court ordered plaintiff to file a second amended complaint with "a short and plain statement of the claim showing that the pleader is entitled to relief" and to state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Id. Further, the Court ordered that the second amended complaint shall specifically state which claims are being asserted against which named defendants. Additionally, plaintiff was ordered to eliminate any immaterial or redundant material.

Pursuant to the Court's Order, plaintiff seeks leave to file her second amended complaint. Defendants oppose the motion, stating that the proposed second amended complaint is no clearer than the first, and "continues to make a mockery of the Federal Rules of Civil Procedure." (Resp. at 2-3).

**II.     Discussion**

Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include (1) whether the motion was filed in bad faith with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

It is appropriate to deny leave to amend where the filing of the amended complaint would be futile. Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993); Harbor Ins. Co. v. Essman, 918 F.2d 734, 739 (8th Cir. 1990). It is well-settled law that district courts have the power to deny leave to amend if the proposed changes would not remedy the deficiencies of the original complaint. Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989); Norbeck v. Davenport Community Sch. Dist., 545 F.2d 63, 70 (8th Cir. 1976).

Plaintiff's proposed second amended complaint fails to remedy the defects of the first amended complaint, and the Court finds that granting leave to amend would be futile. The second amended compliant, like the first, violates Federal Rule 8 as the allegations are not "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). On page 1, table of contents, plaintiff states: "G. The Legal Claims, In Short and Plain Statements ¶¶ 100-799." This entry alone conflicts with Rule 8, which requires "a short and plain statement of the claim." Plaintiff has filed 699 paragraphs of self-titled "short and plain statements" supporting her relatively simple employment action. The proposed second amended complaint is 90 pages long, includes 959 paragraphs, multiple subparagraphs, sub-subparagraphs (i.e., ¶¶ 800.68.1, 800.68.2, 800.68.2, et seq.), and contains wholly irrelevant and scandalous material.

The second amended complaint includes many cross-references, including 74 claims of conspiracy and 13 claims of negligence per se that refer the Court to other paragraphs. (2d Am. Compl., Claims 4.5.1-4.5.6, 601.1-605.12). As pointed out by defendants, scores of plaintiff's factual allegations refer to other allegations, complicating any attempt to comprehend the facts giving rise to the claims. For example, plaintiff pleads "Further Facts Supporting ¶¶ 10-99," followed by nine pages of additional factual allegations. (2d Am. Compl., 71-80, ¶¶ 800.66.1-

800.74.3). This new section of facts allegedly supports plaintiff's section entitled "The Factual Claims, In Detail," which spans 33 pages. The additional nine pages contain numerous other cross-references further complicating matters.

Plaintiff's proposed second amended complaint does not withstand a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure. The proposed second amended complaint continues to allege immaterial, impertinent and scandalous matter, including the following:

> 28.4. Nurse X's story also reminded Plaintiff of something Plaintiff had been told by another Nurse, Y. Nurse Y said Becker directed "Becky," a low-level manager and known Becker crony, to wear a secret audiotaping device inside her lapel and inside her ID badge to secretly film Plaintiff. . . .
>
> . . . .
>
> 32.2. March 28. Plaintiff and Randolph met with Jaques to report: files and documents missing from their offices or office cabinets; computer files mysteriously deleted; displaced ceiling tiles; ceiling dust or powder on their desks and floors; their office doors opened after they've locked them (Becker has a key); and the fact that their notes, from the meetings with the counselor Kerrie Carlin who was brought in to check Becker's hostility, are missing.
>
> . . . .
>
> 32.3(f). [Becker] apparently conducting secret electronic surveillance of Plaintiff and Randolph through devices in Plaintiff and Randolph's Surgical Suite office;
>
> . . . .
>
> 50.6. Sometime between August 23 and September 13, while Plaintiff was on vacation, Defendants, in further retaliation against Plaintiff, installed illegal eavesdropping devices (bugs) in Plaintiff's home, 1519 Jonquil Drive, Webster Groves, MO 63119.

Nor would many of the claims of conspiracy withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For example, plaintiff's claims of negligence per se for violating federal regulations, federal criminal law, and Missouri criminal law, taken as a

whole, would not withstand a motion to dismiss under Rule 12(b)(6). The criminal statutes plaintiff asserts do not give rise to separate civil actions. See, e.g., United States v. Wadena, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts repeatedly have held that there is no private right of action under [18 U.S.C. § 241, conspiracy against rights], even though the statute allows federal authorities to pursue criminal charges.").

In her motion, plaintiff states that if the Court denies her motion for leave to file the second amended complaint, she seeks an order identifying which claims or paragraphs do not meet the federal requirements, or "what information plaintiff should include or exclude to meet the court's requirements." To identify with specificity each paragraph, subparagraph or sub-subparagraph that contains redundant or immaterial content would require an order nearly the length of the proposed second amended complaint, which would be nearly impossible given the Court's caseload and other duties. More importantly, the Court is not an advocate for any party and does not offer legal advice to attorneys, including those who run afoul of Federal Rule 8. At best, the proposed second amended complaint is misdirected advocacy; at worst, it is harassment of the defendants and of the Court.

Plaintiff's proffered amended complaint does not cure but rather perpetuates the defects of the first amended complaint, and the Court has no reason to believe plaintiff could remedy those defects through further pleading attempts. As a result, plaintiff's motion for leave to file a second amended complaint will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file plaintiff's second amended complaint is **DENIED**. [Doc. 46]

**IT IS FURTHER ORDERED** that defendants shall have until **April 23, 2015** to file a response to plaintiff's original complaint filed on February 18, 2014.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of April, 2015.