UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SALLY K. FAVALORO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-284 CAS |
| | ) | |
| BJC HEALTHCARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se plaintiff Sally K. Favaloro's Motion to Strike Court-Filed Documents 54, 55, and 58. For the following reasons, the motion will be denied.[1]

On June 5, 2015, plaintiff filed a motion titled as a motion to strike three of defendants' filings: defendants' motion for partial dismissal pursuant to Rule 12 (Doc. 54); defendants' memorandum in support of their motion for partial dismissal (Doc. 55); and defendants BJC Healthcare and Barnes-Jewish Hospital's answer and affirmative defenses to plaintiff's complaint (Doc. 58).

As to plaintiff's motion to strike defendants' motion to dismiss and memorandum in support, the motion will be denied because a motion to strike is properly directed only to material contained in a pleading. See Coleman v. City of Pagedale, No. 4:06-CV-1376 ERW, 2008 WL 161897, *4 (E.D. Mo. Jan.15, 2008). Under Federal Rule of Civil Procedure 12(f), a court may "strike from **a pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The Federal Rules of Civil Procedure define pleadings as

---

[1] In her motion, plaintiff refers twice to "Disqualified Judge Shaw," (Pl.'s Mot. at 1) but the undersigned Judge has not been disqualified and no party has filed a motion to recuse.

a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike.[2] 2 James W. Moore, et al., Moore's Federal Practice § 12.37[2] (3rd ed.2010). See Coleman, 2008 WL 161897, at *4; Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc., No. 4:07-CV-1719 CAS, 2008 WL 2518561, *1 (E.D. Mo. June 19, 2008). Plaintiff's motion will be denied to the extent it seeks to strike defendants' motion to dismiss and memorandum in support (Docs. 54 and 55).

Plaintiff also moves to strike defendants BJC Healthcare and Barnes-Jewish Hospital's answer and affirmative defenses to the complaint (Doc. 58). As stated above, under Rule 12(f) a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are not favored and are infrequently granted, because they are an "extreme measure" and propose a drastic remedy. Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). In determining a motion to strike, this Court has applied several principles. The Court "must view the pleadings in the light most favorable to the pleader." Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., 2008 WL

---

[2]"The exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.'" Ysais v. New Mexico Judicial Standard Comm'n, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009) (quoting Superior Prod. P'ship v. Gordon Auto. Body Parts Co., 2008 WL 2230774, at *1 (S.D. Ohio May 28, 2008); citing In re Hopkins, 162 F.3d 1173, 1998 WL 704710, at *3 n.6 (10th Cir. 1998) (unpublished) (holding that because party's "briefs were non-complying . . . it was well within the discretion of the district court to strike them"); Jones v. United Space Alliance, L.L.C., 170 F. App'x 52, 57 (11th Cir. 2006) (unpublished per curiam) (holding that court did not abuse its discretion in striking a motion that violated the district's local rules)). The Court has used this exception to strike documents filed in violation of the Local Rules or for filing error, whether on its own initiative or on motion of a party.

2817106, at *2 (E. D. Mo. July 21, 2008). It should refrain from deciding new or close questions of law due to the risk of offering an advisory opinion. Id. Finally, a motion to strike should be denied unless the moving party shows it is "prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." Id.

Plaintiff's motion to strike seeks to strike the entirety of defendants' answer and affirmative defenses ("everything below their caption" (Pl.'s Mot. at 1)) based on grounds that the pleading "do[es] not address any of plaintiff's claims by definition: the documents are insufficient as a defense; and they are immaterial; and they are impertinent." Id. at 5. Upon review, the Court does not find defendants' answer to include an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The answer and affirmative defenses properly address plaintiff's complaint filed February 18, 2014. Moreover, plaintiff has not shown any prejudice by the inclusion of any material in defendants' pleading.

Accordingly,

**IT IS HEREBY ORDERED** that pro se plaintiff Sally Favaloro's Motion to Strike Court-Filed Documents 54, 55, and 58 is **DENIED**. [Doc. 63]

                                        **CHARLES A. SHAW**
                                        **UNITED STATES DISTRICT JUDGE**

Dated this __10th__ day of June, 2015.