UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SALLY K. FAVALORO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14-CV-284 CAS |
| | ) |
| BJC HEALTHCARE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants BJC Healthcare, Barnes-Jewish Hospital, Rhonda Brandon, David Jacques, M.D., John Beatty, and Colleen Becker's motion for partial dismissal. Plaintiff Sally K. Favaloro, proceeding pro se, has not filed any response, and the time for doing so has passed. For the following reasons, defendants' motion will be granted in part and denied in part.

**Background**

Plaintiff, a former employee of Barnes-Jewish Hospital ("BJH"), filed the instant employment discrimination case against BJH, BJC Healthcare and various individual defendants alleging the following counts: hospital whistle blower wrongful termination (Count I); FMLA interference and retaliation (Count II); MHRA and Title VII Retaliation (Count III); MHRA and ADA disability discrimination (Count IV); conspiracy (Count V); defamation (Count VI); and negligence per se (Count VII). Plaintiff alleges she was subjected to discrimination based on her race and disability and that her termination was retaliatory. Plaintiff seeks compensatory and punitive damages.

Plaintiff worked for BJH from 2004 until her discharge in February 2012. On August 11, 2012, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") against BJH, claiming race discrimination, color discrimination, and retaliation. In the charge, plaintiff alleged that her supervisor, defendant Colleen Becker, engaged in this unlawful discrimination. Plaintiff states she was terminated by defendants John Beatty and Dr. David Jaques for attempting to report this harassment to BJH's President, Richard Leikweg. (Defs.' Mot., Ex. A).

The EEOC and the MCHR investigated plaintiff's claims of retaliation. Both agencies dismissed her claims and issued her notice of her right to file a civil action within 90 days. The MCHR issued its notice on October 16, 2013 and the EEOC issued its notice on November 14, 2013. On February 18, 2014, plaintiff filed this action.

Defendants move to dismiss Counts III, IV, V, VI, and VII for failure to state a claim. In the alternative, defendants request a more definite statement of Counts V, VI, and VII.

**Legal Standard**

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**Discussion**

    A.    <u>Timeliness of Plaintiff's Claims Under the MHRA, Title VII, and the ADA</u>

In Counts III and IV, plaintiff asserts claims of retaliation and disability discrimination under the MHRA, Title VII, and the ADA. Defendants move to dismiss these claims as untimely. Because different calculations of time apply to claims under the MHRA and federal law, the Court will discuss the MHRA and federal claims separately.

    *(1)*    *The MHRA*

The MHRA states in relevant part: "Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." Mo. Rev. Stat § 213.111.1. The MCHR issued plaintiff a notice of right to sue on October 16, 2013. Plaintiff did not file this cause of action until February 18, 2014, which was 125 days after the date of the commission's notification letter to plaintiff. Because plaintiff waited more than ninety days from the date of the commission's letter, her claims of retaliation and discrimination under the MHRA are untimely under that statute, and will be dismissed.

    *(2)*    *Title VII and ADA*

Defendants also argue that plaintiff's claims under Title VII and the ADA are untimely. For support, they cite Title VII, which states that after administrative dismissal the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent . . . ." 42 U.S.C. 2000e-5(f)(1); 42 U.S.C. 12117(a) (adopting Title VII enforcement procedures for the ADA). In a footnote, defendants acknowledge that this ninety-day period runs from the date a plaintiff is presumed to have received the EEOC notice,

which is within 93 days of mailing. (Defs.' Mem. at 4 n.4); see also Frazier v. Vilsack, 419 F. App'x 686, 687-90 (8th Cir. 2011) (noting district court applied a generous five-day presumption of mailing time). Defendants then calculate that the EEOC issued its notice on November 14, 2013 and plaintiff did not file her cause of action until February 18, 2014, or 96 days later.

Defendants are correct that plaintiff did not file suit until 96 days after the EEOC issued its right-to-sue letter. They are incorrect that this fact alone bars plaintiff's Title VII and ADA claims. Plaintiff is presumed to have received her right-to-sue letter three days after it was issued, or on November 17, 2013. Adding 90 days to that date, plaintiff should have filed suit by Saturday, February 15, 2014. Pursuant to Federal Rule of Civil Procedure 6, in computing time in a statute that does not specify a method of computing time, if the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. See Fed. R. Civ. P. 6(a)(1)(C). Plaintiff's date to file suit fell on a Saturday; the next day was Sunday; and the following day was Monday, February 17, 2014, which was Washington's Birthday, a legal holiday under Federal Rule 6(a)(6). While defendants are correct that the EEOC issued its notice on November 14, 2013, plaintiff had until Tuesday, February 18, 2014 to file suit under Title VII and the ADA. Plaintiff filed suit on February 18, 2014, and these claims are therefore timely. Defendants' motion to dismiss plaintiff's Title VII and ADA claims as untimely will be denied.

B. Exhaustion of Plaintiff's Disability Discrimination Claims

Title VII requires claimants to timely file a discrimination charge with the EEOC before he or she may bring a Title VII action in court. 42 U.S.C. § 2000e-5(e)(1). As the Eighth Circuit has recognized, "'[e]xhaustion of administrative remedies is central to Title VII's statutory scheme

because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'" Duncan v. Delta Consolidated Indus., Inc., 371 F.3d 1020, 1024 (8th Cir. 2004) (quoting Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996)), *abrogated on other grounds by* Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011) (en banc). Although the Eighth Circuit does not require that subsequently-filed lawsuits mirror the administrative charges, "the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination." Duncan, 371 F.3d at 1025 (internal quotations and citations omitted). "To determine whether an allegedly discriminatory action falls within the scope of a claim, the administrative complaint must be construed liberally in order to further the remedial purposes of applicable legislation." Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002). Claims of discrimination raised in a judicial complaint that were not previously raised in an EEOC charge, or are not "like or reasonably related to" such EEOC claims, are deemed not to be exhausted and are thus barred from judicial review. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994).

Plaintiff filed a discrimination charge with the EEOC using the standard charge form. (Defs.' Mem., Ex. A). The form instructs complainants to check the appropriate boxes for the alleged cause of discrimination. Plaintiff checked the boxes for "race," "color," and "retaliation." Although a box is provided on the form for "disability," plaintiff did not check this box on her charge of discrimination. On her intake questionnaire, she was asked "Do you have a disability"? Plaintiff checked the box for "no." In the space provided for "particulars," plaintiff used additional

pages to describe the alleged conduct. She did not allege any discrimination based on any disability. (Id.).

The question before the Court is whether the allegations in plaintiff's complaint that she was discriminated against based on a disability are like or reasonably related to the substance of the allegations in her EEOC charge of discrimination. Having carefully reviewed plaintiff's charge of discrimination, the Court finds the plaintiff did not include any information in her charge concerning the purported disability discrimination. She did not check the box indicating that she was being discriminated against on the basis of any disability, nor did she indicate in her typewritten narrative that she believed she was being discriminated against as a result of a disability.

The Court finds that plaintiff's claim of disability discrimination in her judicial complaint is separate and distinct from her EEOC charge of discrimination. See, e.g., Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (noting that plaintiff's EEOC charge left the "race" box empty and failed to "allege any facts in the narrative section of her charge which raise the issue of race discrimination"); Duncan, 371 F.3d at 1025 (noting plaintiff's EEOC charge left the "sex" box empty and "charges of sexual harassment generally are not like or reasonably related to retaliation charges for complaining about antecedent harassment"). As such, the Court finds that plaintiff's allegations of disability discrimination are unexhausted, and defendant's motion to dismiss Count IV for failure to exhaust administrative remedies will be granted.

  C.  <u>Plaintiff's MHRA, Title VII, and ADA Claims Fail As to Individual Defendants</u>

Defendants argue that plaintiff's third and fourth causes of action should be dismissed against the individual defendants—Ms. Brandon, Dr. Jacques, Mr. Beatty, and Ms. Becker—because plaintiff's administrative claims of discrimination and retaliation were raised only against BJH. As

discussed, to determine whether an allegedly discriminatory action falls within the scope of a claim, the administrative complaint is construed liberally. See Dorsey, 278 F.3d at 838. Plaintiff's administrative claim was brought against BJH, but sections 8(A) and 8(B) of the claim ask plaintiff to list the names and titles of the persons who she believed discriminated against her. In response, plaintiff states by name and title Mr. John Beatty, Dr. David Jaques, and Ms. Colleen Becker. These defendants' actions were clearly raised in plaintiff's administrative claim. As to the remaining individual defendant, Rhonda Brandon, plaintiff makes only a passing reference to her in the claim. No discriminatory conduct is attributed to her. Plaintiff's claims against defendant Brandon are not within the scope of plaintiff's administrative claim filed with the MCHR and EEOC, and therefore these claims against defendant Brandon will be dismissed for lack of exhaustion.

While the Court will not dismiss the claims against defendants Beatty, Jaques, and Becker for lack of exhaustion, the Court will dismiss the federal claims against these defendants on the basis that individuals are not subject to individual liability under Title VII and the ADA. It is well-settled in the Eighth Circuit that individuals are not subject to liability under Title VII. See Ebersole v. Novo Nordisk, Inc., 2011 WL 6115655, *1 (E.D. Mo. Dec. 8, 2011) (citing Roark v. City of Hazen, 189 F.3d 758, 761 (8th Cir. 1999)). Although the Eighth Circuit has not addressed whether individuals may be liable under Title I of the ADA, this Court has stated its belief that the Eighth Circuit would determine that suits may not be brought against individual defendants under the ADA. See Donnelly v. St. John's Mercy Med. Ctr., 2008 WL 2699859, *1-2 (E.D. Mo. June 30, 2008) (citing Stevenson v. Best Buy Corp., 2005 WL 3434770, *3 (E.D. Mo. Dec. 14, 2005) (Sippel, J.) and Dunham v. City of O'Fallon, Mo., 1994 WL 228598, *1 (E.D. Mo. May 12, 1994) (Gunn, J.)).

Pursuant to these authorities, the Court will dismiss plaintiff's federal claims brought under Title VII and the ADA against individual defendants Jacques, Beatty, and Becker.

D.  Plaintiff's Cause of Action for Conspiracy (Count V)

A claim of civil conspiracy under Missouri law requires proof of: (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) the plaintiff was thereby injured. Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1063 (8th Cir. 2005). Conclusory allegations and speculation without factual grounds are insufficient to support a claim of conspiracy. Id.

Plaintiff's claim of conspiracy is brought against all defendants, and states that as to each of the causes of action already pled: "two or more persons, including one or more defendants, conceived an object to be accomplished; they achieved a meeting of the minds on the object or course of action; they perpetrated one or more unlawful overt acts furthering the object or course of action; which furtherance or object or course of action damaged plaintiff." (Compl., ¶ 62).

The cause of action incorporates the factual allegations set forth in the first 44 paragraphs of the complaint, including the allegations in paragraphs 40 through 44. These paragraphs allege that while on FMLA medical leave, plaintiff arranged a meeting with BJH President Richard Leikweg to report alleged violations of defendants John Beatty and Dr. David Jaques. Beatty and Jaques were informed of the meeting and required to attend. Prior to this meeting, however, plaintiff received a letter from defendant Jaques terminating her employment.

These allegations, incorporated into the conspiracy count, create a reasonable inference that defendants Beatty and Jaques achieved a meeting of the minds on the object or course of action, that is the termination of plaintiff's employment. Viewed in a light most favorable to plaintiff, to the

extent plaintiff can state a claim for "hospital whistle blower wrongful termination" in Count I, FMLA interference and retaliation in Count II, and Title VII retaliation in Count III, her claim of civil conspiracy has facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Based on the factual content alleged, the Court can draw the reasonable inference that defendants are liable for the alleged civil conspiracy. The Court will deny defendants' motion to dismiss Count V.

E.  Plaintiff's Cause of Action for Defamation (Count VI)

Plaintiff alleges defendants defamed her in a number of statements, the final one of which was her termination letter. She alleges she received this termination letter on February 16, 2012. (Compl. ¶¶ 65-69).

Under Missouri law, a plaintiff must file her defamation suit within two years. See Mo Rev. Stat. § 516.140; see also Farrow v. Saint Francis Med. Ctr., 407 S.W.3d 579, 599-600 (Mo. 2013) (finding that the statute of limitations begins to run when some of the damages are capable of ascertainment, even if this is prior to the termination of plaintiff's employment). The cause of action is deemed to accrue when the "the damage resulting therefrom is sustained and is capable of ascertainment . . . ." Mo. Rev. Stat. § 516.100. The Missouri Supreme Court has stated damages for defamation are capable of ascertainment and the statute of limitations begins to run when "a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages." Farrow, 407 S.W.3d at 599.

Here, the statute of limitations began to run not when the defamatory statements were made, but when plaintiff's damages were capable of ascertainment. Plaintiff alleges at least six defamatory statements, dated June 3, 2011, July 26, 2011, August 15, 2011, August 23, 2011, October 10, 2011, and February 16, 2012. (Compl. ¶ 67). She filed suit February 18, 2014. Although an action for defamation based on the earlier defamatory statements is likely barred by the two-year statute of limitations, the Court does not have any information regarding when plaintiff's damages were ascertainable. Absent this information, the Court cannot make a ruling on when the statute of limitations began to run and, therefore, cannot summarily dismiss plaintiff's defamation count as time barred.

Even if some of plaintiff's allegations prove to be time barred, plaintiff's action based on the alleged defamatory statements of February 16, 2012 are not time barred. Assuming plaintiff's damages could have been ascertained on the day the defamation took place—the earliest date the statute of limitations could start to run—plaintiff had two years, until February 16, 2014, to file her cause of action. As discussed above, February 16, 2014 was a Sunday; February 17, 2014 was a legal holiday; and plaintiff timely filed this action on Tuesday, February 18, 2014. See Fed. R. Civ. P. 6(a)(1)(C). The Court will deny defendants' motion to dismiss Count VI of plaintiff's complaint.

F.  Plaintiff's Claim for Negligence Per Se

Finally, defendants move to dismiss plaintiff's seventh cause of action for negligence per se. For support, defendants cite an Order of this Court that related to the allegations contained in plaintiff's proposed second amended complaint. The Court had stated with respect to that purported complaint, "plaintiff's claims of negligence per se for violating federal regulations, federal criminal

law, and Missouri criminal law, taken as a whole, would not withstand a motion to dismiss under Rule 12(b)(6)." Defendants offer no other support for their motion to dismiss.

Defendants acknowledge that their argument and the Court's language related to a different complaint (see footnote 6), but state that the Court's comments and rationale are applicable because the allegations are the same. The allegations of negligence in this complaint are not the same as that of plaintiff's proposed second amended complaint. Plaintiff has not alleged negligence per se for violations of any federal criminal law or Missouri criminal law. Nor has plaintiff limited her negligence action to violation of federal regulations. The Court cannot find that the language cited by defendants that relates to different allegations in a different complaint sufficient to dismiss Count VII of this complaint. For this reason, the Court will deny defendants' motion to dismiss Count VII.

Accordingly,

**IT IS HEREBY ORDERED** that defendants BJC Healthcare, Barnes-Jewish Hospital, Rhonda Brandon, David Jacques, M.D., John Beatty, and Colleen Becker's motion for partial dismissal is **GRANTED in part** and **DENIED in part**. [Doc. 54] The motion is granted as to plaintiff's claims brought against defendants pursuant to the Missouri Human Rights Act; plaintiff's claims brought against defendants pursuant to the Americans with Disabilities Act; and plaintiff's claims brought against all individual defendants pursuant to Title VII of the Civil Rights Act of 1964. The motion is denied in all other respects.

An appropriate Order of Partial Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of October, 2015.