UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SALLY K. FAVALORO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:14-CV-284 CAS |
|  | ) |  |
| BJC HEALTHCARE, BARNES-JEWISH | ) |  |
| HOSPITAL, RHONDA BRANDON, DAVID | ) |  |
| JAQUES, MD, JOHN BEATTY, | ) |  |
| COLLEEN BECKER, and DOES 1-100, | ) |  |
| inclusive, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file, following the Court's entry of an Order to Show Cause (Doc. 74). In addition, Plaintiff Sally K. Favaloro has filed the following motions: Plaintiff's Motion to Require Charles A. Shaw to Obey the Code of Conduct for United States Judges (Doc. 78); Plaintiff's Motion to Require Charles A. Shaw to Obey the United States Statutes, Including 28 U.S.C. § 455 (Doc. 79); Plaintiff's Motion to Require Charles A. Shaw to Obey the United States Constitution (Doc. 80); Plaintiff's Motion to Require Charles A. Shaw to Obey the Missouri Constitution, Statutes, and Laws (Doc. 81); Plaintiff's Motion to Require Charles A. Shaw to Obey the Federal Rules of Civil Procedure (Doc. 82); Plaintiff's Motion to Be Allowed to Exercise Her Rights Under the Code of Conduct for United States Judges (Doc. 83); Plaintiff's Motion to Be Allowed to Exercise Her Rights Under the United States Statutes, Including 28 U.S.C. § 455 (Doc. 84); Plaintiff's Motion to Be Allowed to Exercise Her Rights Under the United States Constitution (Doc. 85); Plaintiff's Motion to Be Allowed to Exercise Her Rights Under the Missouri Constitution, Statutes, and Laws (Doc. 86); and Plaintiff's Motion to Be Allowed to Exercise Her

Rights Under the Federal Rules of Civil Procedure (Doc. 87).

**Background and Procedural History**

Plaintiff is a former employee of Defendant Barnes-Jewish Hospital ("BJH"). On February 18, 2014, Plaintiff brought this employment discrimination case against BJH, BJC Healthcare and various individual defendants, alleging that she had been illegally discharged from her employment. The Complaint was 27 pages long, and asserted seven causes of action. Plaintiff did not serve her Complaint until July 31, 2014, doing so only under threat of dismissal for failure to effect service.

On October 20, 2014, Plaintiff filed a first amended complaint, which spanned 129 pages and added four individual defendants, including the President of BJH. (Doc. 20). It contained 800 paragraphs asserting at least 30 separate causes of action, and included six "Claims Sets," each alleging between six and thirteen subclaims or legal theories against defendants. (Id.) In all, the first amended complaint potentially asserted 300 claims.

Defendants filed a motion to strike the first amended complaint, which Plaintiff opposed. Upon review, the Court determined that the first amended complaint was a gross violation of Rule 8 of the Federal Rules of Civil Procedure, and granted Defendants' motion to strike. (Doc. 40). However, the Court provided Plaintiff the opportunity to amend the complaint. Plaintiff moved for leave to file a second amended complaint, but, because she failed to attach a copy of her proposed amended complaint as required by Administrative Procedures for Case Management/Electronic Case Filing, Sec. II.B, her motion for leave was denied. (Docs. 41, 42, 44). She filed a subsequent motion for leave, this time attaching a copy of a proposed second amended complaint. (Doc. 46). The proposed second amended complaint spanned 90 pages. It contained 959 paragraphs with multiple subparagraphs and sub-subparagraphs and multiple cross-references, complicating any

attempt to comprehend the facts giving rise to the claims. It also contained irrelevant and scandalous material. Defendants opposed Plaintiff's motion for leave, arguing that the proposed second amended complaint failed to remedy the defects of the first. Upon review, the Court determined that the proposed second amended complaint violated Fed. R. Civ. P. 8(d)(1), and denied Plaintiff's motion for leave. (Doc. 53). Defendants filed a motion for partial dismissal directed at Plaintiff's original complaint.[1] (Doc. 54).

Plaintiff subsequently filed "Plaintiff's Notice of Withdrawal of Counsel" (Doc. 59), and began proceeding pro se. She attempted to file another amended complaint without first seeking leave of court to do so, and the document was stricken from the record. (Doc. 62).

On October 5, 2015, the Court entered an Order Requiring Joint Proposed Scheduling Plan, requiring the parties to submit a joint proposed scheduling plan with the Court no later than October 26, 2015. (Doc. 70). In that Order, the Court specified that pro se parties were obligated to participate in the preparation and filing of a joint proposed scheduling plan. (Id. at 4). The Order also provided:

> Pursuant to Local Rule 5.03, failure to comply with any aspect of this order may result in the imposition of sanctions, including but not limited to the imposition of monetary sanctions on parties or counsel, dismissal of the action, entry of a default judgment, or restrictions on the admissibility of certain evidence.

(Id.)

On October 26, 2015, Defendants filed a proposed scheduling plan, in which they detailed

---

[1] Plaintiff filed no response to Defendants' Motion to Dismiss. On October 28, 2015, the Court granted Defendants' motion in part, dismissing Plaintiff's claims brought pursuant to the Missouri Human Rights Act and the Americans with Disabilities Act, and Plaintiff's claims against certain individual defendants brought pursuant to Title VII of the Civil Rights Act of 1964. (Doc. 73).

their efforts to contact Plaintiff to discuss a proposed scheduling plan as follows:

> On October 19, 2015, counsel for Defendants sent a copy of Defendants' Proposed Scheduling Plan to Plaintiff via Federal Express, Next Day Delivery and requested that Plaintiff contact counsel to discuss the proposed plan and the other issues identified in the Court's October 5, 2015 Order. Counsel also left telephone messages for Plaintiff on October 19, 2015, October 20, 2015 and October 21, 2015. Because Plaintiff did not respond to Defendants' messages, counsel for Defendants sent a second letter to Plaintiff via Federal Express, Next Day Delivery on October 21, 2015 along with a second copy of Defendants' proposed scheduling plan, requesting again that Plaintiff contact counsel to discuss the proposed plan and the other issues identified in the Court's October 5, 2015 Order.

(Doc. 71 at 1). Defendants then stated that Plaintiff had not responded to any of their requests to confer. (Id.)

On October 29, 2015, the Court entered an Order to Show Cause. (Doc. 74). The Court referenced the requirements of the Order Requiring Joint Proposed Scheduling Plan, reiterating Plaintiff's obligation to participate in the preparation and filing of a joint proposed scheduling plan. (Id.) Plaintiff was directed to show cause why sanctions should not be imposed against her for failure to comply with the Court's Order Requiring Joint Proposed Scheduling Plan, and was cautioned: "**[f]ailure to timely comply with this Order to Show Cause will result in dismissal of this action as a sanction for violating the Court's Order Requiring Joint Proposed Scheduling Plan and this Order to Show Cause**. (Id. at 3) (emphasis in original).

On November 9, 2015, Plaintiff filed a document entitled "Plaintiff's Fourth Notice of Judicial Disqualification and Response to Document #74." (Doc. 77). On November 10, 2015, Plaintiff filed a document entitled "Plaintiff's Fifth Notice of Judicial Disqualification and Response to Document 74." (Doc. 88). In these "Notices," Plaintiff asserts that the undersigned was disqualified from this case, and that all orders filed by the Court after that date were not lawful orders and were forgeries. Plaintiff also asserts that the requirements of the Order Requiring Joint

Scheduling Plan unfairly burdened her and did not provide her with fair notice of the parties' obligations; and that Defendants failed to comply with it. On November 10, 2015, she filed the instant motions. (Docs. 78-87).

**Discussion**

The Court will first consider Plaintiff's "Notices." (Docs. 77 and 88). Plaintiff asserts that the undersigned was disqualified as of January 8, 2015,[2] and that orders subsequently entered in this cause are unlawful, and are forgeries. These assertions lack any basis in fact or law. The undersigned has not been disqualified from presiding herein, nor has any party to this action ever submitted a properly filed motion to do so. There is no valid reason for Plaintiff to question the legitimacy of any of this Court's orders in this cause. Furthermore, Plaintiff's suggestions that the Court's Order Requiring Joint Scheduling Plan or the Order to Show Cause unfairly burdened her, failed to provide her with fair notice of her obligations, or that Defendants failed to comply are merely conclusory statements for which Plaintiff offers no factual support. Plaintiff offers no valid explanation for her failure to follow the Court's Order Requiring Joint Scheduling Plan or the Order to Show Cause, nor does she suggest she will make any effort to comply in the future.

Plaintiff has filed other such "Notices" in this action. (Docs. 75, 93). Even if all of Plaintiff's "Notices" could be construed as motions to disqualify the undersigned, they would be denied because they fail to assert any valid bases for disqualification. A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.

---

[2]Plaintiff makes this statement in Document 77, and references it in Document 88. As stated above, on January 8, 2015, the Court entered a Memorandum and Order granting the Defendants' motion to strike Plaintiff's first amended complaint, and ordering that she file an amended complaint that complied with Federal Rules of Civil Procedure 8 and 10 within fourteen days.

§ 455(a). An objective standard of reasonableness is applied in determining whether recusal is required. United States v. Martinez, 446 F.3d 878, 883 (8th Cir. 2006); Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003). Disqualification is required if a reasonable person with knowledge of the relevant facts of the case would question the judge's impartiality. Fletcher, 323 F.3d at 664. A judge is presumed to be impartial, and a party seeking recusal bears the substantial burden of proving otherwise. Id.

As noted above, Plaintiff's "Notices" assert that the undersigned was disqualified as of January 8, 2015 – a date on which the Court entered an order adverse to Plaintiff – and that all orders entered following that date were therefore unlawful and were forgeries. "An unfavorable judicial ruling ... does not raise an inference of bias or require the trial judge's recusal." Harris v. Missouri, 960 F.2d 738, 740 (8th Cir. 1992)); see also Fletcher, 323 F.3d at 665 (an adverse ruling is an insufficient basis for disqualification absent a clear showing of bias or partiality). Plaintiff does not present, nor does review of the record reveal, any facts tending to establish such bias or partiality, or any other facts establishing any other disqualifying circumstances that would allow a reasonable person to question the Court's impartiality.

The Court now considers Plaintiff's motions. (Docs. 78 - 87). In these motions, Plaintiff seeks orders requiring the undersigned to comply with the Code of Conduct for United States Judges (Doc. 78), United States Statutes including 28 U.S.C. § 455 (Doc. 79), the United States Constitution (Doc. 80), the Missouri Constitution, Statutes and Laws (Doc. 81), and the Federal Rules of Civil Procedure (Doc. 82). Plaintiff also moves for orders allowing her to exercise her alleged rights under the Code of Conduct for United States Judges (Doc. 83), United States Statutes including 28 U.S.C. § 455 (Doc. 84), the United States Constitution (Doc. 85), the Missouri Constitution, Statutes

and Laws (Doc. 86), and the Federal Rules of Civil Procedure (Doc. 87).  In these motions, Plaintiff makes conclusory allegations that she has been or will be denied the ability to exercise her rights in this action, and that the undersigned has been disqualified from presiding in this action.  Plaintiff offers nothing in the way of factual or legal support, relying instead upon her own conjecture and irrational speculation.  All of Plaintiff's motions will be denied.

Also obvious from the foregoing procedural history is that Plaintiff has steadfastly refused to adhere to the orders of this Court despite being warned of the potential for sanctions, including dismissal of her case.  Federal Rule of Civil Procedure 41(b) addresses the dismissal of a case for failure to comply with Court orders. The United States Supreme Court has held the power to dismiss under Rule 41(b) includes the power to dismiss sua sponte.[3]  Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).  The Eighth Circuit has provided guidance for determining whether a dismissal such as this should be with or without prejudice.  Doe v. Cassel, 403 F.3d 986, 990 (8th Cir. 2005). In Doe, the Court determined that dismissal with prejudice should only be imposed in cases of willful disobedience of a court order or persistent failure to prosecute a complaint.  Id.  The Court determined that the district court need not find that a party acted in bad faith, but only that she acted intentionally as opposed to accidentally or involuntarily.  Id.

Here, the Court finds that Plaintiff has willfully disobeyed Court orders. She refused to comply with the Court's Order Requiring Joint Proposed Scheduling Plan, refused to communicate or cooperate with counsel for Defendants, and refused to comply with the Court's Order to Show Cause.  Instead, Plaintiff filed numerous specious motions and "Notices" detailing the reasons she

---

[3]In their memorandum opposing Plaintiff's motions, Defendants ask that this Court dismiss this action due to Plaintiff's failure to comply with Court orders (Doc. 89 at 7), but have not filed a motion to dismiss.

believes the orders of this Court are invalid, and making it clear that she has no intention of complying with them. As such, dismissal with prejudice is warranted. See Rodgers v. Curators of Univ. Of Mo., 135 F.3d 1216, 1219-20 (8th Cir. 1998) (upholding a district court order dismissing a case with prejudice after the plaintiff refused to comply with court orders, finding the district court did not need to find that Plaintiff acted in bad faith, only that the failure to comply was intentional as opposed to accidental or involuntary); see also Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (holding that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order, and that such dismissal may be with prejudice).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motions (Docs. 78, 79, 80, 81, 82, 83, 84, 85, 86, 87) are denied.

**IT IS FURTHER ORDERED** that Plaintiff's cause of action and all of her claims against all defendants are dismissed with prejudice.

An appropriate order of dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 30th day of June, 2016.